IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01856 -REB-PAC

RONALD L. BARTON, and
YVONNE R. BARTON, Colorado residents,

    Plaintiffs,

v.

KEY GAS CORP., a Kansas corporation,
KEY RESOURCE GROUP, LLC, a Kansas limited liability company, and
MICHAEL ALFONS CAMPA, a California resident,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS OR TRANSFER

**Blackburn, J.**

This matter is before me on the **Key Defendants' Motion to Dismiss** [#9], filed September 27, 2005. The plaintiffs have filed a response, and the Key defendants have filed a reply. I grant the motion and order that the matter be transferred to the United States District Court for the District of Kansas.

### I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332.

### II. BACKGROUND

The plaintiffs, Ronald and Yvonne Barton, purchased interests in certain oil and gas joint ventures sold or operated by the defendants. Defendant, Michael Campana, initially contacted the Bartons and allegedly made a variety of misrepresentations to the Bartons in order to persuade them to purchase the joint venture interests. The plaintiffs

allege that the contracts reflecting their purchase of these interests were induced by a variety of fraudulent misrepresentations and concealments made by Campana and the other defendants.  The plaintiffs assert three claims under the Colorado Securities Act, §§11-51-301 and 11-51-501(1), C.R.S., a claim under the Colorado Consumer Protection Act, §6-1-101, C.R.S., and a claim for fraudulent misrepresentation and concealment.  All of the Barton's claims are claims under Colorado law.

In their motion to dismiss, the Key defendants, Key Gas Corporation and Key Resource Group, LLC, argue that this case should be dismissed or transferred because the agreements between the Bartons and the Key defendants include mandatory forum selection clauses that provide that venue for any dispute under the contracts is mandatory in Wichita, Kansas.  For example, the application agreements executed by the Bartons provide,

> This Agreement will be construed according to the laws of the State of Kansas, and is performable in the City of Wichita, Kansas.  The Courts located in the State of Kansas, state or federal, shall have exclusive jurisdiction to hear and determine all claims, disputes, controversies and actions arising from or relating to this Agreement and any of its terms or provisions, or to any relationship between the parties hereto, and venue shall be in the courts located in Wichita, Kansas.  The undersigned expressly consents and submits to the jurisdiction of said courts and to venue being in Wichita, Kansas.

*Motion to dismiss* [#9], Affidavit of Dale C. Lucas, Exhibit 2, p.2, ¶ 10; Exhibit 5, p. 2, ¶ 10.  A similar provision is included in the Joint Venture Agreement for the Mid-Continent Development Joint Venture.  *Id.*, Exhibit 7, p. 25, ¶ 11.4.

The Key defendants argue that this case should be dismissed for improper venue, or transferred to the United States District Court for the District of Kansas, based on the forum selection provisions in the relevant contracts.  The Bartons argue that the forum selection provisions should not be enforced under the circumstances of

this case.

### III.  ANALYSIS

The Supreme Court has held that the standards applicable to a motion to transfer venue under 28 U.S.C. § 1404(a) are applicable to a motion to enforce a forum selection clause in a diversity case. **Stewart Org. Inc. v. Ricoh Corp.**, 487 U.S. 22, 29-30 (1988).  The presence of an enforceable forum selection clause is an important, but not dispositive, factor in this analysis.  *Id*. at 31.

#### A.  Validity of Forum Selection Clause.

Forum selection clauses are *prima facie* valid, and a party contesting that presumption bears a heavy burden of proof.  **M/S Bremen v. Zapata Off-Shore Co.**, 407 U.S. 1, 10 (1972); **Riley v. Kingsley Underwriting Agencies, Ltd.**, 969 F.2d 953, 957 (10th Cir.), *cert. denied*, **113 S.Ct. 658 (1992)**.  A forum selection clause may be found to be unenforceable if 1) enforcement would be unreasonable and unjust; 2) the clause is invalid because of fraud or overreaching; or 3) enforcement would contravene a strong public policy of the forum in which suit is brought.  **M/S Bremen v. Zapata Off-Shore Co.**, 407 U.S. 1, 15 (1972); **Excell, Inc. v. Sterling Boiler & Mechanical, Inc.**, 106 F.3d 318, 320 - 321 (10th Cir. 1997).  This same rule applies equally to negotiated and form contracts.  **Carnival Cruise Lines, Inc. v. Shute**, 499 U.S. 585, 595 (1991).

The Bartons present two principal arguments in an attempt to overcome the presumptive validity of the forum selection clauses.  First, they argue that the sale of the joint venture interests to them was accomplished by fraud, which makes the forum selection clauses unenforceable.  This argument is unavailing.  A general claim of fraud or misrepresentation concerning an entire contract does not affect the validity of a forum selection clause.  **See Scherk v. Alberto-Culver Co.**, 417 U.S. 506, 519 n. 14

3

(1974).  Rather, the party challenging the clause must demonstrate that the forum selection clause itself is the product of fraud or coercion.  There is no such allegation in this case.

Second, the Bartons argue that enforcement of the forum selection clause would violate Colorado's public policy to enforce the Colorado Securities Act.  I disagree.  Nothing in the record indicates that the Barton's claims under the Colorado Securities Act cannot be brought and prosecuted efficaciously in the state or federal courts in Kansas.  To the extent the Bartons' filings can be read to claim that it would be inconvenient for them to pursue their claims in Kansas, any such inconvenience does not indicate that requiring the Bartons to abide by the forum selection clauses would be unreasonable and unjust.  A forum selection clause can be avoided only by showing that the inconvenience of the chosen forum is so serious that the party effectively will be deprived of its day in court by being forced to litigate there.  **See Carnival Cruise Lines**, 111 S.Ct. at 1528; **Riley**, 969 F.2d at 958; **Wagner International, LLC v. Mandal Alt Co.**, 2005 WL 1606900 at *6 (D. Colo. July 8, 2005).

### B.  § 1404 Analysis.

> A motion to transfer under § 1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause . . .  will be a significant factor that figures centrally in the . . . court's calculus.

**Stewart Organization, Inc. v. Ricoh Corp.**,  487 U.S. 22, 29 (1988).  Among the other factors to be considered are 1) the plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of a judgment if one is obtained; 5) relative advantages and

obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflict of laws; 8) the advantage of having a local court determine questions of local law; and, 9) all other considerations of a practical nature that make a trial easy, expeditious and economical. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1516 (10th Cir. 1991).

     Initially, the Bartons chose a Colorado state court as their forum, but the defendants removed the case to this court, and I have denied the Barton's motion for remand. The Bartons still argue that venue is more appropriate in Colorado. Specifically, they cite the convenience of the parties and witnesses, and the interests of justice. Beyond the Barton's choice of forum, which is factor 1), I consider factors 2), 3), 8), and 9), as listed above, to be relevant. The other factors are either irrelevant or imponderous. In essence, it would be easier for the Bartons to pursue this case here and easier for the Key defendants to defend in Kansas. The Barton's have not cited any witnesses or evidence which is available in Colorado that would not be available in Kansas. It likely would cost the Bartons more to prove their case in Kansas, and it would cost Key Gas less to defend in Kansas. I note, however, that the Key defendants have defended at least one other suit involving similar claims in Colorado. *Notice of Supplemental Authority* [#31], filed March 8, 2006. It may be somewhat easier for a Colorado court to resolve the Barton's claims under Colorado law, but there is no indication that Kansas courts could not or would not resolve such claims fairly.

     In short, the other § 1404(a) factors are a wash. The other factors do not override the substantial weight I must accord to the enforceable forum selection clause. Thus, under 28 U.S.C. § 1404(a), transfer to the District of Kansas is appropriate.

6

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Key Defendants' Motion to Dismiss** [#9], filed September 27, 2005, is **GRANTED**; and

2. That under 28 U.S.C. § 1404 this case is **TRANSFERRED** to the United States District Court for the District of Kansas.

Dated September 26, 2006, at Denver, Colorado.

                                    **BY THE COURT:**

                                    **s/ Robert E. Blackburn**
                                    **Robert E. Blackburn**
                                    **United States District Judge**