# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01856 -REB-PAC

RONALD L. BARTON, and
YVONNE R. BARTON, Colorado residents,

    Plaintiffs,

v.

KEY GAS CORP., a Kansas corporation,
KEY RESOURCE GROUP, LLC, a Kansas limited liability company, and
MICHAEL ALFONS CAMPA, a California resident,

    Defendants.

## ORDER DENYING MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the plaintiffs' **Motion to Remand** [#5], filed September 26, 2005. The defendants have filed a response, and the plaintiffs have filed a reply. For the reasons discussed below, the motion is denied.

The parties do not dispute that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332. However, the plaintiffs argue that the notice of removal filed defendants Key Gas Corp. and Key Resource Group, LLC (Key defendants) is procedurally improper because the third defendant, Michael Campa, did not consent to the removal before the notice of removal was filed. Because the notice of removal was defective, the plaintiffs argue, this case should be remanded to state court.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after service of the initial pleading on the defendant.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). When there are multiple defendants, the 30 day time period begins when service is obtained on the first-served defendant. *See, e.g., Smola v. Trumbull Ins. Co.*, 317 F.Supp.2d 1232, 1232 - 1233 (D. Colo. 2004). Generally, removal requires the consent of all defendants. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393 (1998). The Tenth Circuit has indicated that a notice of removal that does not demonstrate the consent of all defendants is procedurally defective. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

On August 18, 2005, the plaintiffs filed their Complaint and Jury Demand in state court. On August 24, 2005, the complaint and a summons were served on the Key defendants. On September 22, 2005, the Key defendants filed their Notice of Removal. In their notice of removal, the Key defendants noted that they had attempted to contact defendant Michael Campa to obtain his consent to removal, but they had not been able to contact Campa. *Notice of removal* [#1], filed September 22, 2005, p. 4, n. 4. The Key defendants also noted that, as of the date the notice of removal was filed, no return of service demonstrating that Campa had been served was on file in the state court. *Id.* On September 23, 2005, the plaintiffs filed in state court their return of service for the third defendant, Michael Campa. The return of service indicates that Campa was served on September 11, 2005. The plaintiffs filed their motion to remand on

September 27, 2005. Defendant Campa filed a consent to removal [#13] on October 11, 2005.

The plaintiffs argue that the notice of removal is defective because Campa had been served before the notice of removal was filed and the notice of removal does not demonstrate that Campa had consented to removal. Of course, the plaintiffs were the only party who knew that Campa had been served at the time the notice of removal was filed. Only after the notice was filed did the plaintiffs file the return of service demonstrating that Campa had been served. After Campa's return of service was filed, Campa filed a consent to removal within 30 days of the date on which he was served.

I agree with the defendants that the notice of removal is proper. The notice was timely filed, and the notice demonstrated consent to removal by all of the defendants for whom returns of service were of record when the notice of removal was filed. The notice further acknowledged the presence of a third defendant, and the fact that there was no indication in the court's record that the third defendant had been served. Once service on that defendant was demonstrated on the record, the third defendant consented to removal in a timely fashion. For the purpose of § 1446(b), this is adequate. Under the circumstances of this case, I conclude that § 1446(b), as codified and as construed, did not require the Key defendants to conduct an independent investigation to determine if Campa had been served when service on Campa was not of record in the case before the notice of removal was filed.

The plaintiffs argue that Campa was served eleven days before the notice of removal was filed and thus the absence of his consent to removal expressed in the notice of removal is a fatal flaw. Such a rule would permit plaintiffs to play hide the ball

when multiple defendants are involved in a case subject to removal.  Some defendants could be served at the last minute, or service on some defendants could be concealed until the last minute, in an effort to manipulate the requirements for removal.  I do not suggest that the plaintiffs in this case were engaging in such manipulation.  However, I agree with the conclusion of the Fourth Circuit that, in adopting § 1446(b), Congress could not have had in mind a scheme that would permit such manipulation.  happening to him before it is too late.  ***McKinney v. Board of Trustees of Mayland Community College***, 955 F.2d 924, 928 (4th Cir. 1992).

**THEREFORE, IT IS ORDERED** the plaintiffs' **Motion to Remand** [#5], filed September 26, 2005, is **DENIED**.

Dated September 26, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**